PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHARLES L. IVEY, ) | |
| ) | CASE NO. 1:16CV716 |
| Petitioner, ) | (1:11CR43) |
| ) | |
| v. ) | |
| ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF No. 54] |

Pending before the Court is Respondent's Motion for Reconsideration. ECF No. 54. Respondent moves the Court to reconsider its Order granting Petitioner's Motion to Vacate in light of the Sixth Circuit's recent decision in *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017). Petitioner responded. ECF No. 55. Respondent did not reply, and the time to do so has passed. For the following reasons, the Court grants the Motion to Reconsider.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. The Sixth Circuit, however, has held that a motion to reconsider may be treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Rodriguez v. City of Cleveland*, No. 1:08CV1892, 2009 WL 1565956, at *1 (N.D. Ohio June 6, 2009) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). A district court may grant a Rule 59 motion to alter or amend judgment only if there was (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *Am. Civil*

(1:16CV716)

*Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The Court summarized the factual and procedural background of this case in its Memorandum of Opinion and Order granting the Motion to Vacate. ECF No. 52. In that Order, the Court determined that Petitioner's Robbery conviction under Ohio Rev. Code § 2911.02(A)(2) was not a violent felony, given the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 52 at PageID #: 413–16. Three days after the Court issued its Order, the Sixth Circuit issued its opinion in *United States v. Patterson*. In *Patterson*, the Sixth Circuit considered petitioner Patterson's conviction under Ohio Rev. Code § 2911.01(A)(1), holding that the conviction qualified as an Armed Career Criminal Act ("ACCA") predicate offense under the elements clause. In so holding, the Sixth Circuit explained:

> Because any defendant convicted of aggravated robbery under Ohio Rev. Code § 2911.01(A)(1) necessarily threatened to harm someone else with a deadly weapon, all such defendants committed the lesser included offense of robbery under *Ohio Rev. Code § 2911.02(A)(2), which in turn requires proof that the defendant "[i]nflict[ed], attempt[ed] to inflict, or threaten[ed] to inflict physical harm on another."*

*Patterson*, 853 F.3d at 303 (citations omitted) (emphasis added). The *Patterson* court further cited its unpublished opinion in *United States v. Finley*, No. 15-6222, slip op. at 2–3 (6th Cir. Feb. 22, 2017), in which it "ruled that even Ohio Rev. Code § 2911.02(A)(2), the lesser included form of robbery, counts as a violent felony under the elements clause." *Patterson*, 853 F.3d at 303.

2

(1:16CV716)

Given the Sixth Circuit's clear instruction that Ohio Rev. Code § 2911.02(A)(2) is a violent felony, the Court finds that Petitioner's Robbery conviction is an ACCA predicate offense.[1] 18 U.S.C. § 924(e). Because Petitioner has three convictions that qualify as ACCA predicate offenses—Robbery, Assault on a Peace Officer, and Felonious Assault— Petitioner was properly subjected to the ACCA's enhanced penalties.

The Government's Motion for Reconsideration is granted. The Court's prior ruling is vacated. Petitioner's Motion to Vacate is denied. The Resentencing Hearing scheduled for July 6, 2017 is cancelled and the Motion to Continue (ECF No. 60) is denied as moot.

IT IS SO ORDERED.

| June 22, 2017 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] Petitioner argues that even if Respondent is correct in regards to the "force clause," the statute still lacks the requisite *mens rea*. ECF No. 55 at PageID #: 424. The *Patterson* court, considering Ohio Rev. Code § 2911.01(A)(1), rejected this argument, stating that "the government does not need to prove a specific intent for every word in the elements clause." *Patterson*, 853 F.3d at 304. The Sixth Circuit further noted that the acts proscribed by the statute may satisfy the ACCA "use of force" requirement. *Id*. The Sixth Circuit also rejected defendant's argument that the statute could be applied to a person who recklessly or negligently violated the statute, noting that there was no evidence of such application. The Sixth Circuit's holding in *Patterson* applies in this case as well. The "very act" of inflicting or attempting to inflict serious physical harm on another satisfies the ACCA's requirement of "use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i). Moreover, there is no evidence of the statute being applied to one who violates it negligently or recklessly. Thus, this argument fails.

3